DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 2010-28 |
| | ) | Civil No. 2012-90 |
| IKIM BLACKETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Everard Potter, AUSA**
United States Attorney's Office
St. Thomas, VI
    *For the United States,*

**Ikim Blackett**
F.C.I. Fort Worth, TX
    *Pro se defendant.*

### MEMORANDUM OPINION

**GÓMEZ, J.**

This memorandum opinion memorializes the judgment of the Court issued on December 19, 2014, following a hearing on the motion of Ikim Blackett ("Blackett) to vacate his sentence pursuant to 28 U.S.C. § 2255.

## I.    FACTUAL AND PROCEDURAL HISTORY

On May 24, 2010, on St. Thomas, U.S. Virgin Islands, a criminal trial in *United States v. Fagan, et al.*, Crim. No. 2006-08, began in the district court (the "underlying case" or

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 2

"Redball II"). In the Redball II case, several defendants were charged with: conspiracy to distribute a controlled substance; possession of a controlled substance on an aircraft; importing narcotics; and possession with intent to distribute. One of the jurors on the underlying case was Jeanette Smith ("Smith"). Following the first day of Redball II, Smith was approached by Blackett. Blackett offered to pay Smith $1,500 to vote "not guilty" in Redball II. Two days later, while the Redball II trial was still ongoing, Smith informed the judge about Blackett's offer. The Court excused Smith from jury service, and referred Blackett's conduct to the appropriate authorities. Thereafter, Blackett was arrested.

On June 3, 2010, the Grand Jury returned an indictment against Blackett. The indictment charged Blackett with one count of bribery of a public official, in violation of Title 18, Section 201(b)(1)(A) of the United States Code. Blackett went to trial on that count on July 26, 2010. Following the trial, the jury returned a verdict of guilty. The Court entered a judgment and commitment order as to Count One on March 1, 2011. Blackett was sentenced to 36 months imprisonment.

Blackett appealed his sentence to the Third Circuit. After Blackett filed notice of his appeal, Blackett filed a motion in this Court for leave to proceed *in forma pauperis*. (ECF No. 55.)

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 3

On July 25, 2011, the Magistrate Judge denied without prejudice Blackett's motion for leave to proceed *in forma pauperis*. (ECF No. 56.)  In his direct appeal, Blackett argued that certain evidentiary rulings had been made in error. The Third Circuit affirmed the district court. *United States v. Blackett*, 481F. App'x 741, 741 (3d Cir. 2012).

Thereafter, on November 13, 2012, Blackett filed a petition pursuant to 28 U.S.C. § 2255. In his petition, Blackett makes three primary arguments[1]: (1) that as Smith was an alternate juror, not a sitting juror, bribing Smith was not unlawful; (2) that his counsel was ineffective by failing to raise the legal argument that bribery of an alternate juror falls outside the proscription of the statute; and (3) that Blackett's counsel was ineffective in advising Blackett to take the stand.

A hearing on the issues raised in Blackett's 2255 petition was scheduled for September 24, 2014.  At that hearing, it was discovered that Blackett sought counsel to assist him, and had submitted a second application to proceed *in forma pauperis* in order to support his request for counsel.[2] Blackett provided

---

[1] The Court notes that Blackett actually lists 13 "grounds" for overturning his conviction.  Each of these "grounds" fits squarely within one of the three issues identified herein. The vast majority are based upon Blackett's argument that it was legally impossible for him to have violated the statute, because the statute does not prohibit bribery of alternate jurors.
[2] Though the Court is aware that a petitioner seeking § 2255 relief need not pay any filing fee, the Court instructs petitioners seeking court-appointed

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 4

copies of his certified return receipt, indicating that the

Clerk of Court had received his second application. Despite

that, Blackett's second application did not appear on the

docket. The Court noted that it appeared that Blackett's second

application was sent, but that it had not been entered on the

record or presented to any judge in the Court. The Court stated

that,

> [t]o the extent there was an oversight by the
> Court, I extend the Court's apology for the
> delay, but I hope you'll appreciate that there
> wasn't a document like what you presented for
> any judge to rule on until just now.  I know
> it's been 2 years, and that certainly can lead
> to frustration but we'll deal with it promptly.

(Sept. 24, 2014, Tr. 28:18-23.) The Court also instructed the

Clerk of Court's office to assist Blackett in becoming an

electronic filing user, so that he could file his documents

electronically with the Court.

    In light of the new information presented by Blackett, the

Court continued the evidentiary hearing in order to determine if

Blackett was entitled to counsel. Thereafter, Blackett was

appointed counsel. Blackett's appointed counsel was Attorney

Michael Sheesley ("Attorney Sheesley").

---

assistance to file such an application. That application is used assist the
Court in determining if the petitioner is indigent, and thus whether the
petitioner is entitled to counsel at an evidentiary hearing.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 5

On December 19, 2014, the Court held an evidentiary hearing on Blackett's petition. Attorney Sheesley called Blackett's trial counsel, Attorney Leonard Francis ("Attorney Francis"), as his first witness. Attorney Francis testified as to his understanding of the statute under which Blackett was convicted.

Attorney Francis further testified that Blackett had not, prior to testifying, informed Attorney Francis that he did not desire to take the stand. Attorney Francis stated that he had discussed with Blackett having Blackett testify prior to the trial, and that Blackett had agreed to testify. Attorney Francis testified that he did not threaten, coerce, or intimidate Blackett into testifying at trial.

Attorney Sheesley next called Blackett. Blackett testified that prior to trial, he and Attorney Francis discussed trial strategy and the possibility of Blackett testifing at trial.

During those discussions, Blackett states that he did not say anything regarding an unwillingness to testify. Blackett testified that, during trial, following the close of the government's case, he questioned Attorney Francis's decision to have Blackett testify. Blackett stated that he told Attorney Francis that "he [Blackett] didn't have to take the stand," and that he tried to make it clear to Attorney Francis that he "was hesitant to take the stand." Despite that, Blackett testified

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 6

that he followed the advice of counsel to testify in his own defense.

Following Blackett's testimony, the Court recalled Attorney Francis to the stand. Thereupon, Attorney Francis testified as to the strategy he pursued in Blackett's defense. Attorney Francis stated that the government had provided evidence that Blackett was in the area where the bribery occurred. Attorney Francis's intent, he testified, was for Blackett's testimony to provide another, non-criminal, reason for Blackett's presence in that area on the night in question.

Finally, the Court considered its own records. Among those records are the seating arrangements and juror list from the Redball II case, on which Smith served as a juror or alternate juror. The Court's records show that Smith was a seated juror, not an alternate juror, prior to the bribery attempt for which Blackett was convicted.

Following arguments by Attorney Sheesley and the government, the Court stated its findings. The Court first held that the statute under which Blackett was convicted did, in fact, cover the acts with which Blackett was charged. As such, the Court also found that Attorney Francis was not ineffective by failing to raise the issue. The Court held that Attorney Francis did not force or coerce Blackett to take the stand.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 7

Finally, the Court held that Attorney Francis's advice to take the stand was a reasonable trial strategy.  As such, the Court denied Blackett's petition. This memorandum opinion serves to memorialize the rationale for the Court's ruling.

## II. <u>DISCUSSION</u>

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows petitioners to collaterally attack their sentence by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The remedy is intended only where "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

In order to prevail on a section 2255 motion, a petitioner must show one of the following: (1) the sentence was imposed in violation of the Constitution or the laws of the United States;

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 8

(2) the court was without jurisdiction to impose the sentence;

(3) the sentence was in excess of the maximum authorized by law;

or (4) the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). If the court finds any of these grounds,

the court must vacate the judgment, resentence the prisoner, or

grant the prisoner a new trial as appropriate. *Id.* § 2255(b).

A section 2255 petition is not a substitute for an appeal.

*Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Thus,

the general rule is that a petitioner procedurally defaults on a

claim if he could, but "neglected to raise [it] on direct

appeal." *Id.* (citation omitted); *Massaro v. United States*, 538

U.S. 500, 504 (2003); *see, e.g., Bousley v. United States*, 523

U.S. 614, 622 (finding that a guilty plea could not be attacked

as involuntary during habeas review because it is the type of

claim that can be fully and completely addressed on direct

review). Claims that the Courts have found to be waived, when

they were not raised on direct appeal, include: a claim that a

plea agreement was not entered voluntarily or intelligently,

*Bousley*, 523 U.S. at; a claim that the defendant's speedy trial

rights were violated, *Reed v. Farley*, 512 U.S. 339, 354-55

(1994); and a claim that evidence relied on at trial was later

held to be constitutionally defective in similar cases before

the Supreme Court, *Sunal v. Large*, 332 U.S. 174, 178 (1947).

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 9

Where a movant has failed to raise a claim on direct appeal
that could have been raised on direct appeal, he may only be
exempted from the default rule where: (1) he can prove he is
actually innocent of the crime for which he was convicted, or
(2) that there is valid cause for the default, as well as
prejudice resulting from the default. *Hodge*, 554 F.3d at 378-
379.

That said, certain claims are generally not heard on direct
appeal, and thus are not procedurally defaulted if the movant
failed to raise them on direct appeal. For instance, a claim of
ineffective assistance of counsel is properly raised under
section 2255 rather than on direct appeal. *See Massaro*, 538 U.S.
at 504 (explaining it is "preferable" that such claims be
considered on collateral review where the record for such claims
may be properly developed); *accord United States v. Garcia*, 2013
U.S. App. LEXIS 5386, at *4 (3d Cir. Mar. 19, 2013) ("It is
well-settled that this Court ordinarily does not review claims
of ineffective assistance of counsel on direct appeal.") (citing
*United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

Moreover, a section 2255 petition may not "be used to
relitigate matters decided adversely on appeal." *Government of
Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir.
1985) (citation omitted).

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 10

A court may dismiss a section 2255 motion without holding a hearing where the record shows conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). A petitioner's *pro se* pleading is construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).

### III. <u>ANALYSIS</u>

**A. Bribery of a Public Official**

Blackett argues that his conduct does not constitute a violation of 18 U.S.C. § 201 ("Section 201"). He argues that Section 201 is not violated where the "public official" that is bribed is an alternate juror.  Such a claim is the sort that is considered procedurally defaulted if not raised on direct appeal, as Blackett could have raised it at that time. *Hodge*, 554 F.3d at 379.  However, Blackett argues that his failure to raise this argument previously was the result of ineffective assistance of counsel and that he is legally innocent of the crime of which he was convicted. *Cf. id.* at 378-379 (excepting claims of actual innocence and claims for which there is a valid reason for failing to raise them on direct appeal.) The Court will thus consider Blackett's claims of actual innocence and ineffective assistance of counsel.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 11

Section 201 states that it is unlawful when any person "directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or offers or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent--to influence any official act[.]" 18 U.S.C. § 201(b)(1)(A).

Pursuant to Section 201, "the term 'public official' means . . . an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, . . ., *or a juror*[.]" 18 U.S.C. § 201(a)(1)(emphasis supplied). An official act is defined as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity[.]" 18 U.S.C. § 201(a)(3). By its clear language, the statute does not require that the public official actually take an official act. In fact, it applies even where the official lacks the authority to take the sought action. *See, e.g., United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824-25 (9th Cir. 1985)(finding that a district court properly stated the law where it "instructed the jury that a

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 12

person may be convicted of bribery even though the action requested is not within the official's power to perform.").

In the instant matter, Smith was sworn as a juror. Testimony on her specific role, as either a regular juror or an alternate, is a bit conflicting.  Smith stated that she was selected to be "a juror." (Trial Tr. 60:1-2.)  The transcript later indicates that the government asked Smith if she continued on the case after the bribery attempt, and she responded, "No. I was an alternate juror." (Trial Tr. 76:1-2). The Court notes that Smith may not have known if she was a seated or alternate juror, as the Court does not inform the sworn jurors which are seated and which are alternates until it is time to begin deliberation.  Trial had not yet reached that point in Redball II when Smith was removed from that jury.

The Court retains records of each trial's jurors, including their juror numbers and whether they are seated jurors or alternates.  Such records in this instance show that Smith was, in fact, a seated juror.  Given that factual background, it is clear that Blackett's behavior violated the plain language of Section 201.

Even assuming, *arguendo*, that Smith was an alternate juror, Blackett's argument is unavailing. "Alternate jurors must have the same qualifications and be selected and sworn in the same

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 13

manner as any other juror.[] Alternate jurors replace jurors in
the same sequence in which the alternates were selected. An
alternate juror who replaces a juror has the same authority as
the other jurors." Fed. R. Crim. P. 24 ("Rule 24").  Rule 24
dictates that an alternate juror may deliberate with the same
force and effect as any other juror. *See id.*

As such, until a verdict was rendered, in her sworn
capacity as a juror, or alternate juror, Smith *could* have
engaged in the action Blackett sought. By law, the issue of the
Redball II defendants' guilt was a matter that she could have
decided in the immediate future. Voting on the guilt or lack
thereof  of the defendants in the underlying case was thus a
"decision or action on any question, matter, cause, suit,
proceeding or controversy, *which may at any time be pending, or
which may by law be brought before any public official, in such
official's official capacity*[.]" 18 U.S.C. § 201(a)(3)(emphasis
added).

As such, Blackett's behavior fell within the ambit of the
statute, and his argument must fail as a matter of law.[3] The

---

[3] It is worth noting that as Blackett cannot prove he is actually innocent of
the crime for which he was convicted, arguably he may have procedurally
defaulted on this claim unless there is valid cause for the failure to raise
it on appeal, such as the ineffective assistance of counsel. *See Hodge*, 554
F.3d at 378-379.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 14

Court will next consider whether Blackett's counsel was ineffective.

**B. Ineffective Assistance of Counsel**

To prevail on a claim for ineffective assistance of counsel, a defendant must show: (1) that performance was deficient; and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687.

The first "error" alleged in Blackett's petition is that his counsel failed to argue that bribing an alternate juror was not prohibited by the statute as a matter of law. However, as there was no meritorious argument to make on that issue, failing to argue it did not constitute deficient performance.

The second error alleged in Blackett's petition is that his counsel advised Blackett to take the stand and testify. Specifically, Blackett argues that counsel erred in advising him to testify because Blackett's testimony indicated he had spoken to Smith the night of the offense. A review of the record indicates that Blackett testified that he had gone to speak to Smith in order to rekindle a prior personal relationship. Blackett also testified that he had not offered Smith a bribe, and that he did not know about the trial of the defendants in the underlying case.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 15

Blackett states that his counsel told him to "[s]peak to dem [sic] people." Blackett further alleges that his counsel continued to advise Blackett to testify after Blackett informed his counsel he did not want to testify. The evidence adduced during the December 19, 2014, hearing indicated that Attorney Francis did attempt to persuade Blackett to testify. In fact, it appears he was successful. The strategic decision to have Blackett testify seems to have been made prior to trial, and at that time Blackett did not object. In fact, the only time during which Blackett registered any opinion regarding testifying on his own behalf was during trial.

The testimony from the hearing indicates that Attorney Francis certainly encouraged Blackett to testify. It also indicates that Blackett did not believe his own testimony was necessary, and was not necessarily comfortable with testifying. Notably, Blackett did not indicate that his counsel threatened to walk out on Blackett, or anything else that might have made Blackett believe he had to testify or suffer severe consequences. Furthermore, there is no testimony which leads to the inference that Blackett stated that he did not want to testify. Instead, he seems to have continually disagreed that his testimony was necessary, but does not appear to have stated outright that he refused to testify. Considered in the light of

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 16

all of the circumstances, including Blackett's failure to object

to or question Attorney Francis's decision to have him testify

pre-trial, the Court cannot find that Blackett clearly refused

to testify, let alone was forced to do so.

Despite Blackett's arguments to the contrary, the Court is

unaware of any authority which indicates that advising a

defendant to testify at trial is *per se* deficient. In fact,

counsel should always advise a defendant about the benefits and

hazards of testifying and not testifying. *Bennett v. United*

*States*, 663 F.3d 71, 84 (2d Cir. 2011).

> [A] court deciding an actual ineffectiveness
> claim must judge the reasonableness of counsel's
> challenged conduct on the facts of the
> particular case, viewed as of the time of
> counsel's conduct. A convicted defendant making
> a claim of ineffective assistance must identify
> the acts or omissions of counsel that are
> alleged not to have been the result of
> reasonable professional judgment. The court must
> then determine whether, in light of all the
> circumstances, the identified acts or omissions
> were outside the wide range of professionally
> competent assistance.

*Strickland*, 466 U.S. at 690 (internal citations omitted).

When Attorney Francis advised Blackett to testify on his

own behalf, Blackett's presence at the scene of the crime and

interaction with Smith had already been established by several

prosecution witnesses and exhibits.  Smith had testified that

Blackett had spoken to her at her house the night at issue.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 17

Smith's uncle, who was with Smith on the night in question,
testified that someone had come to the house looking for Smith.
Smith's sister testified that Smith texted her on the night in
question. Smith read the text messages at issue into the record,
including one which stated, "Some dude just come by my house and
tell me he going to pay me money to say not guilty. Now I don't
know what to do, because if I tell the judge they're going to
know it's me." (Trial Tr. 81:15-20.) Text message data was
introduced showing that Smith had texted her sister during the
time at issue.

A trial decision to have Blackett testify as to where he
was the night in question, and why, was not objectively
unreasonable, given those circumstances.  The evidence adduced
by the government consistently suggested that Blackett was at
the location where the crime had allegedly occurred. Attorney
Francis had reason to believe that Blackett was in that location
for an innocent purpose, and sought to adduce testimony as to
that innocent purpose. The decision to adduce such testimony may
not have produced the outcome Blackett sought at trial, but that
does not make the decision unreasonable such that Blackett's
counsel was ineffective. *See generally Strickland v. Washington*,
466 U.S. at 689-90 (warning judges not to distort its objective

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 18

consideration with hindsight, as reasonable defenses may not be
successful).

As the conduct of Attorney Francis was objectively
reasonable, the first prong of *Strickland* is not met, and
Blackett's argument that he received ineffective assistance must
fail. Even had the first prong, objective unreasonableness,
been met, Blackett would also have to show that the alleged
failures of his trial counsel prejudiced his defense. *See id.* at
687. The Court is not convinced he could have done so.

"There can be no prejudice when damaging evidence that
should not have been admitted is merely cumulative of evidence
that was properly admitted." *Morin v. Thaler*, 374 F. App'x 545,
555 (5th Cir. 2010); *accord Spears v. Mullin*, 343 F.3d 1215,
1234 (10th Cir. 2003)(upholding a lower court which held that
admission of a statement which violated the Sixth Amendment was
harmless error where the properly admitted evidence was
overwhelming).

Here, the evidence as to the issue of whether Blackett and
Smith spoke on the night in question was substantial.
Blackett's testimony that he and Smith had spoken that night may
have been damaging, but was merely cumulative of evidence that
was previously properly admitted. As such, Blackett's testimony
that he spoke to Smith does not meet the prejudice prong of

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Memorandum Opinion
Page 19

*Strickland*. *See Morin*, 374 F. App'x at 555 (holding that admission of testimony, tape-recordings, and evidence that defendant had invoked his right to remain silence was not prejudicial where it was cumulative); *accord Spears*, 343 F.3d at 1234.  Blackett does not allege any other testimony that emerged while he was on the stand that prejudiced his defense. The Court's review of the record likewise reveals no other potential source of prejudice.

For the reasons discussed and memorialized herein, as well as those stated on the record, the Court ruled on December 19, 2014, that Blackett's petition be denied.