DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
            v.                       )    Crim. No. 2010-28
                                     )    Civil No. 2012-90
IKIM BLACKETT,                       )
                                     )
            Defendant.               )
                                     )
                                     )
_____     )

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Everard Potter, AUSA**
United States Attorney's Office
St. Thomas, VI
      *For the United States,*

**Ikim Blackett**
F.C.I. Fort Worth, TX
      *Pro se defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is a motion of Ikim Blackett ("Blackett)

entitled "Defendant's-Petitioner's Opposition to Attorney

Sheesley's Fraud-Upon-The Court Set Forth Under Penalty of

Perjury in Accord with 28 U.S.C. Section 1746." Also before the

Court is Blackett's motion for reconsideration.

## I.   FACTUAL AND PROCEDURAL HISTORY

On May 24, 2010, on St. Thomas, U.S. Virgin Islands, a

criminal trial in *United States v. Fagan, et al.*, began in the

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 2

district court (the "underlying case" or "Redball II").  In the

Redball II case, several defendants were charged with:

conspiracy to distribute a controlled substance; possession of a

controlled substance on an aircraft; importing narcotics; and

possession with intent to distribute. One of the jurors on the

underlying case was Jeanette Smith ("Smith").  Following the

first day of Redball II, Smith was approached by Blackett.

Blackett offered to pay Smith $1,500 to vote "not guilty" in

Redball II.  Two days later, while the Redball II trial was

still ongoing, Smith informed the trial judge about Blackett's

offer. The Court excused Smith from jury service, and referred

Blackett's conduct to the appropriate authorities. Thereafter,

Blackett was arrested.

On June 3, 2010, the Grand Jury returned an indictment

against Blackett.  The indictment charged Blackett with one

count of bribery of a public official, in violation of Title 18,

Section 201(b)(1)(A) of the United States Code.  Blackett went to

trial on that count on July 26, 2010.  Following the trial, the

jury returned a verdict of guilty. The Court entered a judgment

and commitment order as to Count One on March 1, 2011.  Blackett

was sentenced to 36 months imprisonment.

Blackett appealed his sentence to the Third Circuit. After

Blackett filed notice of his appeal, Blackett filed a motion in

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 3

this Court for leave to proceed *in forma pauperis*. (ECF No. 55.)

On July 25, 2011, the Magistrate Judge denied without prejudice

Blackett's motion for leave to proceed *in forma pauperis*. (ECF

No. 56.)  In his direct appeal, Blackett argued that certain

evidentiary rulings had been made in error. The Third Circuit

affirmed the district court. *United States v. Blackett*, 481 F.

App'x 741, 741 (3d Cir. 2012).

   Thereafter, on November 13, 2012, Blackett filed a petition

pursuant to 28 U.S.C. § 2255. In his petition, Blackett made

three primary arguments[1]: (1) that as Smith was an alternate

juror, not a sitting juror, bribing Smith was not unlawful;[2] (2)

that his counsel was ineffective by failing to raise the legal

argument that bribery of an alternate juror falls outside the

proscription of the statute; and (3) that Blackett's trial

counsel was ineffective in advising Blackett to take the stand.

---

[1] The Court notes that Blackett actually lists 13 "grounds" for overturning his conviction.  Each of these "grounds" fits squarely within one of the three issues identified herein. The vast majority are based upon Blackett's argument that it was legally impossible for him to have violated the statute, because the statute does not prohibit bribery of alternate jurors.

[2] The Court notes that, factually, Blackett's assertion that Smith was an alternate juror rather than a seated juror is inaccurate. Though Smith testified in Blackett's trial that she may have been an alternate juror, the Court's records from the Redball II case show that Smith was a seated juror in that matter. As the Court's practice is not to inform jurors whether they are seated jurors or alternates until it is time to segregate the seated jurors for deliberation, Smith's confusion is understandable.  That said, Smith was a seated juror during the Redball II case. Blackett does not dispute that bribery of a seated juror would constitute a violation of Title 18, Section 201(b)(1)(A) of the United States Code.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 4

A hearing on the issues raised in Blackett's 2255 petition was scheduled for September 24, 2014.  At that hearing, it was discovered that Blackett sought counsel to assist him, and had submitted a second application to proceed *in forma pauperis* in order to support his request for counsel.[3] Blackett provided copies of his certified return receipt, indicating that the Clerk of Court had received his second application. Despite that, Blackett's second application did not appear on the docket. The Court noted that it appeared that Blackett's second application was sent, but that it had not been entered on the record or presented to any judge in the Court. The Court stated that,

> [t]o the extent there was an oversight by the Court, I extend the Court's apology for the delay, but I hope you'll appreciate that there wasn't a document like what you presented for any judge to rule on until just now.  I know it's been 2 years, and that certainly can lead to frustration but we'll deal with it promptly.

(Sept. 24, 2014, Tr. 28:18-23.)  The Court also instructed the Clerk of Court's office to assist Blackett in becoming an electronic filing user, so that he could file his documents electronically with the Court.

---

[3] Though the Court is aware that a petitioner seeking § 2255 relief need not pay any filing fee, the Court instructs petitioners seeking court-appointed assistance to file such an application. That application is used assist the Court in determining if the petitioner is indigent, and thus whether the petitioner is entitled to counsel at an evidentiary hearing.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 5

In light of the new information presented by Blackett, the Court continued the evidentiary hearing in order to determine if Blackett was entitled to counsel. Thereafter, Blackett was appointed counsel. Blackett's appointed counsel was Attorney Michael Sheesley ("Attorney Sheesley").

Attorney Sheesley met with Blackett prior to the rescheduled evidentiary hearing.  Thereafter, Attorney Sheesley filed a motion for leave to file certain documents under seal. Attorney Sheesley did not move to withdraw at that time. Thereafter, Blackett filed a bar complaint against Attorney Sheesley with the Supreme Court of the Virgin Islands. A copy of the bar complaint was put on this Court's docket by Ikim Blackett on December 18, 2014. Neither Blackett nor Attorney Sheesley asked for Blackett to be appointed new counsel at that time.

On December 19, 2014, the Court held an evidentiary hearing on Blackett's petition. Before reaching the merits of Blackett's petition, the Court inquired about the sealed documents filed by Attorney Sheesley. Given the bar complaint, as well as certain disclosures in the sealed documents, and out of an abundance of caution to ensure that Blyden's representation would not be interrupted, the Court asked the Federal Public Defender to be present.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 6

Attorney Sheesley represented to the Court that none of the issues raised in the sealed documents impacted his ability to proceed with the evidentiary hearing. Attorney Sheesley also said that he sought no action by the Court at that time. Blackett also did not request new counsel at that time, or express that he had any issues with the representation being afforded to him by Attorney Sheesley. The Court accepted those representations as true, and excused the Federal Public Defender.

Thereafter, the Court proceeded with the evidentiary hearing on the merits of Blackett's petition. Blackett's trial counsel testified, and was examined thoroughly by Attorney Sheesley.  Blackett's trial counsel was also cross-examined by the United States, and questioned by the Court.  Blackett also testified on his own behalf. Following the introduction of all the evidence, the Court ruled on the 2255 petition.  The Court first held that the statute under which Blackett was convicted did, in fact, cover the acts with which Blackett was charged. As such, the Court also found that trial counsel was not ineffective by failing to raise the issue of legal impossibility.  Finally, the Court held that Blackett's trial counsel did not force or coerce Blackett to take the stand, and that his trial counsel's advice to take the stand was a

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 7

reasonable trial strategy.  As such, the Court denied Blackett's

petition.

Immediately thereafter, on December 19, 2014, Blackett,

acting *pro se*, filed a motion for reconsideration (the "motion

for reconsideration"). In it, Blackett argued that the Court had

erred as a matter of law.  On January 7, 2015, Attorney Sheesley

again filed a motion for leave to file documents under seal.

Attorney Sheelsey attached the proposed sealed document. One

month later, on February 11, 2015, Attorney Sheesley filed a

motion to withdraw as counsel.

On February 13, Blackett, acting *pro se*, filed a document

entitled, "Defendant's-Petitioner's Opposition to Attorney

Sheesley's Fraud-Upon-The Court Set Forth Under Penalty of

Perjury in Accord with 28 U.S.C. Section 1746" ("motion to

vacate"). In Blackett's motion to vacate, Blackett alleges that

Attorney Sheesley was biased against Blackett due to racially

based animus. He also alleges that Attorney Sheesley did, in

some way, make some form of fraudulent representation to the

Court. Which representation was allegedly fraudulent is somewhat

unclear. Blackett asks the Court to vacate the Court's December

19, 2014, order denying Blackett's 2255 petition. He also seeks

the appointment of new counsel. Finally, he asks for a new

evidentiary hearing on his 2255 petition.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 8

## II. <u>DISCUSSION</u>

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 allows petitioners to collaterally attack their sentence by moving "the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The remedy is intended only where "the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted); *see also United States v. Addonizio*, 442 U.S. 178, 184 (1979) (explaining "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment").

In order to prevail on a section 2255 motion, a petitioner must show one of the following: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 9

28 U.S.C. § 2255(a). If the court finds any of these grounds,

the court must vacate the judgment, resentence the prisoner, or

grant the prisoner a new trial as appropriate. *Id.* § 2255(b).

A section 2255 petition is not a substitute for an appeal.

*Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). Thus,

the general rule is that a petitioner procedurally defaults on a

claim if he could, but "neglected to raise [it] on direct

appeal." *Id.* (citation omitted); *Massaro v. United States*, 538

U.S. 500, 504 (2003); *see, e.g., Bousley v. United States*, 523

U.S. 614, 622 (finding that a guilty plea could not be attacked

as involuntary during habeas review because it is the type of

claim that can be fully and completely addressed on direct

review). Claims that the Courts have found to be waived, when

they were not raised on direct appeal, include: a claim that a

plea agreement was not entered voluntarily or intelligently,

*Bousley*, 523 U.S. at; a claim that the defendant's speedy trial

rights were violated, *Reed v. Farley*, 512 U.S. 339, 354-55

(1994); and a claim that evidence relied on at trial was later

held to be constitutionally defective in similar cases before

the Supreme Court, *Sunal v. Large*, 332 U.S. 174, 178 (1947).

Where a movant has failed to raise a claim on direct appeal

that could have been raised on direct appeal, he may only be

exempted from the default rule where: (1) he can prove he is

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 10

actually innocent of the crime for which he was convicted, or

(2) that there is valid cause for the default, as well as

prejudice resulting from the default.  *Hodge*, 554 F.3d at 378-

379.

That said, certain claims are generally not heard on direct

appeal, and thus are not procedurally defaulted if the movant

failed to raise them on direct appeal.  For instance, a claim of

ineffective assistance of counsel is properly raised under

section 2255 rather than on direct appeal. *See Massaro*, 538 U.S.

at 504 (explaining it is "preferable" that such claims be

considered on collateral review where the record for such claims

may be properly developed); *accord United States v. Garcia*, 2013

U.S. App. LEXIS 5386, at *4 (3d Cir. Mar. 19, 2013) ("It is

well-settled that this Court ordinarily does not review claims

of ineffective assistance of counsel on direct appeal.") (citing

*United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003)).

Moreover, a section 2255 petition may not "be used to

relitigate matters decided adversely on appeal." *Government of*

*Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir.

1985) (citation omitted).

A court may dismiss a section 2255 motion without holding a

hearing where the record shows conclusively that the movant is

not entitled to relief. 28 U.S.C. § 2255(b); *United States v.*

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 11

*Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). A petitioner's *pro se*

pleading is construed liberally. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244

(3d Cir. 2013).

### III. ANALYSIS

Section 2255 states in pertinent part that, "A second or

successive [2255] motion must be certified as provided in

section 2244 by a panel of the appropriate court of appeals[.]"

28 U.S.C. § 2255. In both the motion for reconsideration and the

motion to vacate, Blackett seeks relief from the Court's

December 19, 2014, Order denying his 2255 petition.  The Court

is thus first tasked with determining whether the motions are,

in fact, motions brought pursuant to Federal Rules of Civil

Procedure 59(e)(Motion to Alter or Amend a Judgment)(Rule 59)

and 60 (Relief from a Judgment or Order)(Rule 60), or are

instead successive 2255 petitions.

Blackett, in his motion for reconsideration, asserts that

the motion for reconsideration was filed pursuant to Rule 59. "A

Rule 59(e) motion is a second or successive petition if it in

substance or effect asserts or reasserts a federal basis for

relief from the petitioner's underlying conviction." *United

States v. Simpson*, 525 F. App'x 733, 735 (10th Cir. 2013).

Blackett's motion for reconsideration asserts a federal basis

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 12

for relief from his conviction.  Specifically, he argues that he

was actually innocent.  The Court notes that this argument was

the precise basis for Blackett's original 2255 petition.

Blackett is not challenging the Courts ruling on his 2255

petition, but is instead challenging his underlying conviction.

Blackett's challenge is thus a successive 2255 petition. Such

petition cannot be brought before this Court without leave by

the United States Court of Appeals for the Third Circuit.

The Court next considers how to construe Blackett's motion

to vacate.  In that motion, Blackett asks this Court to vacate

its order denying the 2255 petition, schedule a new hearing on

the petition, and appoint Blackett new counsel. That is, in

essence, it seeks relief from a final order of the Court, under

Rule 60.

In *United States v. Edwards*, 309 F.3d 110 (3d Cir. 2002),

the defendant, Edwards, filed a 2255 motion that sought to

vacate his conviction. *United States v. Edwards*, 309 F.3d 110,

112 (3d Cir. 2002). The district court denied Edwards's

petition. The Third Circuit did not allow Edwards to appeal that

denial. *Id*. Thereafter, Edwards asked the trial court to modify

his sentence. *Id.* That request was also denied. *Id.* Edwards then

filed a motion for reconsideration. *Id.* The motion for

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 13

reconsideration was denied. Edwards appealed the denial to the

Third Circuit. *Id.*

On appeal, Edwards argued that the district court should

have construed his motion for reconsideration as a motion for

reconsideration relating back to the denial of his 2255

petition. *Edwards*, 309 F.3d at 113. The Third Circuit disagreed,

stating in dicta that, "even if it could be deemed to be related

to the denial of his original § 2255 motion, it would be

construed not as a Rule 60(b) motion, but, rather, as an

unauthorized successive motion under § 2255 which the District

Court may have been without jurisdiction to consider." *Id.* The

Third Circuit did not elucidate on what Rule 60 motions the

district courts may have the jurisdiction to consider, as

opposed to those they may not.

The Fourth Circuit, after analyzing the approaches taken by

the majority of United States Courts of Appeals, distinguished

true Rule 60 motions (which the Court may rule upon) from

successive 2255 petitions thusly:

> There may be no infallible test for making this
> distinction, but a relatively straightforward
> guide is that a motion directly attacking the
> prisoner's conviction or sentence will usually
> amount to a successive application, while a
> motion seeking a remedy for some defect in the
> collateral review process will generally be
> deemed a proper motion to reconsider. Thus, a
> brand-new, free-standing allegation of

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 14

> constitutional error in the underlying criminal
> judgment will virtually always implicate the
> rules governing successive applications.
> Similarly, new legal arguments or proffers of
> additional evidence will usually signify that
> the prisoner is not seeking relief available
> under Rule 60(b) but is instead continuing his
> collateral attack on his conviction or sentence.
> By contrast, an example of a proper Rule 60(b)
> claim is an allegation that government agents
> perpetrated a fraud on the court during the
> collateral review proceedings."

*United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

In his motion to vacate, Blackett alleges that there was a

defect in the collateral review process.  Specifically, he

asserts that he did not receive effective assistance of counsel

at the December 19, 2014, evidentiary hearing.  As such,

Blackett's motion to vacate is properly characterized as a Rule

60 motion, and may be decided by this Court.

Rule 60 provides in pertinent part that

> On motion and just terms, the court may relieve
> a party or its legal representative from a final
> judgment, order, or proceeding for the following
> reasons:(1) mistake, inadvertence, surprise, or
> excusable neglect;(2) newly discovered evidence
> that, with reasonable diligence, could not have
> been discovered in time to move for a new trial
> under Rule 59(b);(3) fraud (whether previously
> called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing
> party;(4) the judgment is void;(5) the judgment
> has been satisfied, released or discharged; it
> is based on an earlier judgment that has been
> reversed or vacated; or applying it
> prospectively is no longer equitable; or(6) any
> other reason that justifies relief.

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 15


Fed. R. Civ. P. 60. Blackett's motion to vacate asserts that

Attorney Sheesley did not adequately represent him, due to

racially based animus against Blackett, and that on that basis

should: hold a hearing on whether Attorney Sheesley was biased

against Blackett as a result of Blackett's race; vacate its

ruling on the 2255 petition; hold a new evidentiary hearing on

Blackett's 2255 petition; and appoint new counsel to assist

Blackett.  In the alternative, Blackett argues a hearing must be

held to address unidentified fraudulent misrepresentations made

by Attorney Sheesley to the Court. He asserts such alleged fraud

requires that the December 19, 2014, order be vacated and a new

hearing scheduled. That is, he relies on two bases to assert he

is entitled to Rule 60 relief: fraud, and some "other reason

that justifies relief." *Id*.

The Court will first consider whether there was fraud upon

the Court, such that Rule 60 relief would be warranted.

> Fraud upon the court . . . requires rigorous
> proof, as do other challenges to final judgment,
> lest the finality established by Rule 60(b) be
> overwhelmed by continuing attacks on the
> judgment. *See Broyhill Furniture Indus. v.*
> *Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085
> (Fed. Cir. 1993) ("fraud upon the court should [
> ] embrace only that species of fraud which does
> or attempts to subvert the integrity of the
> court itself, or is a fraud perpetuated by
> officers of the court so that the judicial
> machinery cannot perform in the usual manner its

> impartial task of adjudging cases that are presented for adjudication") (bracket in original, citations omitted). Fraud upon the court is typically limited to egregious events such as bribery of a judge or juror or improper influence exerted on the court, affecting the integrity of the court and its ability to function impartially.

*Apotex Corp. v. Merck & Co.*, 507 F.3d 1357, 1360-61 (Fed. Cir. 2007).

It is not clear, in Blackett's motion, what the alleged fraud upon the Court consisted of. Blackett alleges that Attorney Sheesley "expressed a lack of respect for this court[.]" (ECF No. 100.) Attorney Sheesley's comment was made solely to Blackett, and not to any judicial officers or Court employee.  Assuming Blackett has relayed the statement made by Attorney Sheesley accurately, it in no way allows the Court to infer there was any level of misrepresentation made by Attorney Sheesley to the Court itself.

In his motion to vacate, Blackett presumes that the documents filed by Attorney Sheesley under seal accuse Blackett of threatening or harassing Attorney Sheesley. Blackett asserts that he did not threaten or harass Attorney Sheesley in any way. Taking Blackett at his word, for purposes of this analysis, these allegations do not rise to the level of fraud required for Rule 60 relief.  Even if Attorney Sheesley misrepresented

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 17

conversations he had had with Blackett as being threatening,

such misstatements would not be "egregious events such as

bribery of a judge or juror or improper influence exerted on the

court, affecting the integrity of the court and its ability to

function impartially." *Id.* Indeed, Blackett does not allege, and

there is no record evidence, that the Court took into account

any of the information contained within the proposed sealed

filings in determining the outcome of the Rule 2255 petition. As

such, the Court finds that Rule 60 relief on the basis of fraud

is not warranted here.

The Court next considers whether there is "any other reason

that justifies relief[,]" Fed. R. Civ. P. 60, from its December

19, 2014, Order. Blackett asserts that he did not receive

effective representation at the December 19, 2014, evidentiary

hearing. He argues that his representation was ineffective due

to the alleged animus Attorney Sheesley had against Blackett on

account of the latter's race. This contention, he argues,

entitles him to an evidentiary hearing and, ultimately, vacatur

of the Court's December 19, 2014, ruling.

In the context of 2255 petitions,

> To progress to an evidentiary hearing, a habeas
> petitioner must do more than proffer gauzy
> generalities or drop self-serving hints that a

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 18

>        constitutional violation lurks in the wings. A
>        representative case is *Machibroda v. United
>        States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d
>        473 (1962), in which the petitioner's section
>        2255 motion alleged that his guilty plea
>        resulted from an unkept prosecutorial promise.
>        After the trial court dismissed the motion
>        without an evidentiary hearing and the court of
>        appeals affirmed, the Supreme Court reversed,
>        noting that "[t]he petitioner's motion and
>        affidavit contain charges which are detailed and
>        specific." *Id*. at 495, 82 S.Ct. at 514. In a
>        pithy passage that possesses particular
>        pertinence for present purposes, the Court
>        cautioned that a habeas petitioner is not
>        automatically entitled to a hearing and normally
>        should not receive one if his allegations are
>        "vague, conclusory, or palpably incredible." Id.
>        This is true, the Court wrote, even "if the
>        record does not conclusively and expressly belie
>        [the] claim." *Id*.

*David v. United States*, 134 F.3d 470, 478 (1st Cir. 1998). The

allegations in Blackett's motion are not detailed.  Blackett

alleges that Attorney Sheesley asked if Blackett or some other

individual had written an unidentified document. From there,

Blackett goes on to state that Attorney Sheesley, in completely

unspecified ways, indicated somehow that Attorney Sheesley

believed that all black or African-American defendants were

"shifty" or "good-for-nothings." It is primarily on this basis

that Blackett seeks additional evidentiary hearings.

        These allegations fit precisely within the definitions of

"vague" and "conclusory."  There are no specific, or even

general, facts alleged which take the broad accusation that

*United States v. Blackett*
Crim. No. 10-28
Civil No. 12-90
Order
Page 19

Attorney Sheesley is racist out of the realm of "gauzy

generalities."  Absent anything more than such conclusory,

general statements, the Court is not persuaded that a hearing on

this issue is merited in this case. The Court is further

unpersuaded that there is "any other reason that justifies

relief[,]" such that Rule 60 relief would be appropriate here.

The premises considered, it is hereby

**ORDERED** that Blackett's motion for reconsideration [ECF No.

95] is **DENIED;** and it is further

**ORDERED** that Blackett's motion to vacate [ECF No. 100] is

**DENIED**; it is further

**ORDERED** that the motion entitled "Motion for Leave to File

Blackett's Omnibus Sur-Reply to Governments [sic] Pleadings"

[ECF No. 106] is **denied as MOOT;** and it is further

**ORDERED** that the document entitled "Motion for Leave to

File" [ECF No. 102] seeking mandamus relief from the Third

Circuit Court of Appeals shall be **TERMINATED** as a pending motion

as it does not seek relief from this Court but serves as notice

of activity before the Third Circuit.

S_____
            **CURTIS V. GÓMEZ**
            **District Judge**